UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHIRLEY WILSON,

        Defendant,

and

CHARTER ONE BANK,

        Garnishee.
        /

No. 07-11260

District Judge Marianne O. Battani

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court is Defendant Shirley Wilson's objection to writ of garnishment/request for hearing [Docket #28]. For the reasons set forth below, I recommend that the Defendant's objection be DENIED.[1]

### I. FACTS

This is a student loan case. The United States Department of Education, as guarantor

---

[1] Post-judgment objections to garnishment, as well as requests to set aside default judgment, are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

-1-

and assignee of the loan, filed a complaint in this Court on March 23, 2007. On July 9, 2007, Plaintiff obtained a default judgment in the amount $6,472.29, plus post-judgment interest. On October 5, 2007, this Court issued a writ of continuing garnishment as to Defendant Shirley Wilson and Charter One Bank.

On November 15, 2007, Defendant Wilson filed the present request for hearing regarding the garnishment of her funds in Charter One Bank. In her objections, she states that she repaid the loan in question 22 years ago. She also claims an exemption from garnishment because the funds in the account derive from Social Security benefits and/or Supplemental Security Income.

The Court scheduled a hearing on Defendant's objections for January 2, 2008. The Court sent the parties a Notice of Hearing on November 27, 2007. However, Defendant did not appear at the scheduled hearing on her objections.

## II. DISCUSSION

### A. Default Judgment

The Court recognizes that Defendant is unrepresented by counsel. Therefore, her pleadings and arguments will not be held to the standard of a practicing attorney, but will be given a liberal construction. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Because she appears to assert a defense to the Plaintiff's underlying claim, i.e., that

she paid the debt 22 years ago, her objections will be construed as a motion to set aside the default judgment.

Fed.R.Civ.P. 55(c) provides that a judgment by default may be set aside in accordance with Rule 60(b).[2] Rule 60(b) articulates six reasons a default judgment may be set aside, including "(1) mistake, inadvertence, surprise, or excusable neglect;...or (6) any other reason justifying relief from the operation of the judgment." The decision to vacate a default judgment is entrusted to the court's discretion. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Rule 60(b)(1) must be applied "equitably and liberally...to achieve substantial justice." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003). Because of the strong policy consideration that cases should be decided on their merits, a court faced with a motion to set aside a default judgment should construe disputed or ambiguous facts in the light most favorable to the defendant. *INVST Financial Group, Inc. V. Chem-Nuclear Systems, Inc.*, 815 F.2d. 391, 398 (6th Cir. 1987), *quoting Jackson v. Beech*, 636 F.2d 831, 838 (D.C. Cir. 1980).

In *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), the court enunciated three factors to consider in deciding a Rule 60(b) motion "[1] [w]hether the plaintiff will be prejudiced; [2] [w]hether the defendant has a meritorious defense; and [3] [w]hether culpable conduct of the defendant led to the default." When

---

[2] Rule 55(c) sets forth a more relaxed "good cause" standard for setting aside a Clerk's entry of default. Where, as here, the entry of default has ripened into a default judgment, the stricter requirements of Rule 60(b) apply. *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006).

reviewing a motion to set aside default judgment under Rule 60(b), the court may not consider the underlying strength of a plaintiff's claim. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).

In the present case, an examination of the *United Coin* factors weighs against setting aside the default judgment. Reviewing the factors in reverse order, it first appears that the Defendant's own culpable conduct led to the default.[3] The language of Rule 60(b)(1) casts the "culpable conduct" factor in terms of "mistake, inadvertence, surprise, or excusable neglect." It is the Defendant's burden to show that her default was the product of excusable neglect. *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). The Defendant in this case was served with a summons and complaint on May 30, 2007, at her address in Oak Park, Michigan. *See* Docket #5, Return of Service. On August 23, 2007, she was served by mail, at the same address, with the Clerk's Entry of Judgment by Default. *See* Docket #10. Between September 11, 2007 and October 24, 2007, Plaintiff was served by mail, at the same address, with several requests for writs of garnishment, including the one at issue here. Yet, Plaintiff took no action until November 15, 2007, when she filed her request for hearing regarding the garnishment of her Charter One Bank account. The address on Plaintiff's written request is the same address at which she was served with the summons and complaint, rebutting any implicit suggestion that she did not receive the complaint or was

---

[3] The Sixth Circuit has held that the "culpable conduct" factor is the preeminent consideration in a motion to set aside a default judgment under Rule 60(b)(1). *See Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

otherwise unaware that she was being sued. Moreover, Plaintiff has offered no reason why she did not answer the complaint, and she did not appear at the scheduled hearing on her objections to provide the Court with an explanation. Under these circumstances, the Plaintiff has not met her burden of showing excusable neglect or any other reason for setting aside the default judgment.

Given that the Defendant has failed to carry her burden of showing that her default was not the result of her own culpable conduct, her request to set aside the default judgment must be denied, and it is not necessary, under Rule 60(b)(1), to examine the other factors. *Waifersong, supra*, 976 F.2d at 292; *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). I note, nevertheless, at least one of the other factors weigh against her. For example, as to the second *United Coin* factor–the existence of a meritorious defense–the Plaintiff states that she repaid the loan 22 years ago, but offers no documentation, explanation or any other support for this claim. Nor did she appear at the scheduled hearing on her objections to provide the Court with an explanation. Again, the burden is on the Defendant to demonstrate that she has satisfied the *United Coin* factors, and she has failed to do so.[4]

Therefore, I construe Defendant's objection as a motion to set aside the default judgment, and recommend that it be denied.

---

[4] As to the "prejudice" factor of *United Coin*, there appears to be no tangible detriment to the Plaintiff in terms of lost evidence or missing witnesses. The only prejudice would be delay, which is not, by itself, sufficient to meet this factor. *United States v. Cagle*, 235 F.R.D. 641, 645 (E.D. Mich. 2006); *Burrell v. Henderson, supra*.

### B. Exemptions

Attached to Defendant's objection is a "Claim for Exemption Form" in which she claims that the garnished account represents Social Security benefits and Supplemental Security income.

Under 42 U.S.C. §407, Social Security and SSI funds received by a beneficiary and deposited in a bank account are exempt from execution or garnishment. *Philpott v. Essex County Welfare Board,* 409 U.S. 413, 416, 93 S.Ct. 590, 592, 34 L.Ed.2d 608 (1973). Such funds are exempt even if they are commingled with other funds. *See NCNB Financial Services, Inc., v. Shumate,* 829 F.Supp. 178, 180 (W.D.Va.1993) *aff'd* 45 F.3d 427 (4th Cir.1994) (recipient of Social Security benefits commingled with other funds entitled to protection as to those funds reasonably traceable to social security income);

*S & S Diversified Servs., L.L.C. v. Taylor*, 897 F.Supp. 549, 552 (D.Wyo.1995).

However, the Defendant has the burden of showing, by a preponderance of the evidence, that the funds in the Charter One Bank account are traceable to Social Security or SSI proceeds. 28 U.S.C. § 3014(b)(2); *United States v. Sawaf,* 74 F.3d 119, 122 (6th Cir. 1996); *United States v. Wells*, 2006 WL 3203905, *2 (E.D.Mich. 2006)(Battani, J.). This Defendant has provided no documentation or evidence whatsoever to substantiate her claim–made by checking a box on a form–that she receives Social Security or SSI benefits. Indeed, the Plaintiff points out that the Defendant, born in 1964, is employed at Straith Hospital, and that her wages are periodically garnished. *See also* Docket #26 (Answer of

garnishee Straith Hospital). The Defendant failed to appear at the scheduled hearing in this case to offer an explanation of her claim for an exemption. She has not, therefore, met her burden of showing an entitlement to the exemption.

### III. CONCLUSION

For these reasons, I recommend that Defendant's objections to garnishment re: her Charter One Bank account [Docket #28] be DENIED.

I further recommend that her objections be construed as a motion to set aside default judgment, and that the motion be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty

(20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: May 28, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 28, 2008.

S/G. Wilson  
Judicial Assistant